# IN THE COURT OF APPEALS OF IOWA

————————————

No. 26-0618
Filed July 8, 2026

————————————

**In the Interest of D.J., Minor Child,**

**K.J., Mother,**
Appellant.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Kimberly Ayotte, Judge.

————————————

**AFFIRMED**

————————————

ConGarry Williams of Juvenile Public Defender Office, Des Moines,
attorney for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney
General, attorneys for appellee State.

Emily Drenkow Carr of Youth Law Center, Des Moines, attorney and
guardian ad litem for minor child.

————————————

Considered without oral argument
by Greer, P.J., Buller, J., and Telleen, S.J.
Opinion by Buller, J.

**BULLER, Judge.**

A mother appeals the termination of her parental rights to her child, arguing termination was not in the child's best interests. We review de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014).

The parents have been involved with the Iowa Department of Health and Human Services (HHS) since 2021 with their older children due to reports of substance abuse, domestic violence, and mental-health issues. The parents' rights to three older children were terminated in September 2025 under Iowa Code section 232.116(1)(f) and (h) (2025).

The child at issue here was born in March 2025. When the child was born, "the parents were actively engaged in services and nearing reunification with the older children," so the newborn was left in the parents' care without formal court involvement. In June, the father tested positive for cocaine, and the mother denied knowing he had relapsed. The mother and child went to stay with the mother's sister on a safety plan. At the mother's request, the child was drug tested, and the hair test came back positive for cocaine ingestion, which the mother could not explain. The HHS worker determined the mother did "not demonstrate the protective capacity needed to ensure" the infant's safety, and the court ordered the child's removal from the parents.

By September, when the child was adjudicated a child in need of assistance, the father had disengaged from services. The mother reported to the court she had separated from the father but continued to have frequent contact with him. Based on the four years of services provided with the older children, the juvenile court found "clear and convincing evidence that aggravated circumstances exist to waive reasonable efforts" for reunification.

The court noted both parents' cycles of substance abuse, sobriety, and relapse, and questioned their honesty.

HHS set reunification goals for the mother to demonstrate: "boundaries in her relationship with" the father, the ability to parent appropriately alone, growth in mental health and emotional stability, and maintain sobriety with sober supports. Although the mother had tested negative in past drug screens, HHS had concerns about the mother possibly misusing her prescription medications based on impairment indicators and her codependency with the father while he continued to abuse substances. The mother made some progress toward self-sufficiency with full-time employment and taking over the lease to the family apartment. But, as the social worker put it at the termination trial, these limited positive steps weren't enough: "we haven't seen the progress that we need to even move forward at this point."

In April, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(g) and (h). The mother appeals. The father's parental rights were also terminated, but he does not appeal.

The only issue challenged in the mother's petition on appeal is the court's finding termination of her rights was in the child's best interests under section 232.116(2). The mother argues that her sobriety, employment, housing, transportation, and daycare plan mean a return to her care would not be detrimental to the child, while the finality of termination would be. This language more closely tracks the parent-child bond exception to termination under section 232.116(3)(c), but a child's best interests are "inherently impacted by the child's bond with a parent," making it a relevant consideration. *In re L.A.*, 20 N.W.3d 529, 535 (Iowa Ct. App. 2025) (en banc).

The mother's petition makes no mention of the juvenile court's concern over her codependency with the father and lack of follow-through with steps to remove him from her life. And she has ongoing health concerns and related medication issues, which have resulted in her appearing impaired and unable to safely care for the child at some visits. And the juvenile court found the child was integrated into a foster home committed to caring for him.

Our best-interests priorities are the child's safety, long-term nurturing and growth, and physical, mental, and emotional condition and needs. Iowa Code § 232.116(2). While we do believe the mother loves the child, we agree with the juvenile court that between the mother's health issues and slow detangling from the father despite his lack of effort to reunite with the child, as of trial she was not in a position to consistently care for the child on her own. Termination of the mother's parental rights is in the child's best interests, and we affirm.

**AFFIRMED.**